GREGORY P. JOSEPH LAW OFFICES LLC
Gregory P. Joseph (GJ-1210) (gjoseph@josephnyc.com)
Mara Leventhal (ML-1218) (mleventhal@josephnyc.com)
Samuel N. Fraidin (SF-1209) (sfraidin@josephny.com)
Meredith M. Spencer (née McGrady) (MM-1221) (mspencer@josephnyc.com)
485 Lexington Avenue, 30th Floor
New York, New York 10017
Tel.:   (212) 407-1200
Fax:   (212) 407-1280

COVINGTON & BURLING LLP
Lanny A. Breuer (lbreuer@cov.com)
Dennis B. Auerbach (dauerbach@cov.com) (admitted *pro hac vice*)
Benjamin S. Haley (bhaley@cov.com) (admitted *pro hac vice*)
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:   (202) 662-6000
Fax:   (202) 662-6291

*Attorneys for Defendant Eugene N. Melnyk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :   No. 08 CIV 02979 (LAK)
                                             :
                     Plaintiff,              :   ECF Case
                                             :
          v.                                 :
                                             :
BIOVAIL CORPORATION,                         :   **JURY TRIAL DEMANDED**
EUGENE N. MELNYK,                            :
BRIAN CROMBIE,                               :
JOHN MISZUK, and                             :
KENNETH G. HOWLING                           :
                                             :
                     Defendants.             :
------------------------------------------------------------- x

## ANSWER OF DEFENDANT EUGENE N. MELNYK

Defendant Eugene N. Melnyk ("Melnyk"), by his undersigned counsel, as and for

his Answer to the Complaint dated March 24, 2008 ("Complaint") filed by Plaintiff Securities

1

and Exchange Commission ("SEC" or the "Commission") denies each and every allegation in the Complaint except as admitted or otherwise qualified herein, and alleges on knowledge with respect to himself and his own acts and on information and belief as to all other matters, as follows:

1. Denies the allegations in paragraph 1 of the Complaint, except admits that Biovail Corporation ("Biovail" or the "Company") is a specialty pharmaceutical company incorporated in Ontario, Canada; admits that Biovail's common stock is traded on the New York Stock Exchange and the Toronto Stock Exchange; admits that Mr. Melnyk is a former chairman and chief executive officer of Biovail; admits that Brian Crombie is a former chief financial officer of Biovail; admits that John Miszuk is a former vice president, controller, and assistant corporate secretary of Biovail; and admits that Kenneth G. Howling was Biovail's chief financial officer from December 2006 through March 24, 2008 and also served as a former vice president of finance and corporate affairs.

2. The allegations contained in paragraph 2 concern claims directed at other defendants, not Mr. Melnyk, and therefore require no response from this answering defendant.

3. Denies the allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint, except to the extent that the allegations contained in paragraph 4 concern claims directed at other defendants, not Mr. Melnyk, states that no response is required from this answering defendant.

5. Denies the allegations in paragraph 5 of the Complaint, except admits that Mr. Melnyk was Biovail's chairman from March 1994 through June 2007 and its chief executive officer from December 2001 to October 2004; admits that, on September 23, 1996, Mr. Melnyk settled four Cayman Island Trusts and funded the trusts in accordance with the terms of the trust

documents; avers that Biovail shares were transferred by the Evergreen Trust to the trusts in 1996 and that shares of Trimel Corporation (Biovail's predecessor) owned by Mr. Melnyk were transferred to the Evergreen Trust between 1991 and 1995; and respectfully refers the Court to the trust documents and to each of the Schedules 13D filed by Mr. Melnyk for their contents.

6.   States that the allegations in paragraph 6 of the Complaint are conclusions of law, not factual allegations to which a response is required. To the extent a response is deemed required, denies the allegations set forth in paragraph 6 of the Complaint, except to the extent that the allegations contained in paragraph 6 concern claims directed at other defendants, not Mr. Melnyk, states that no response is required from this answering defendant.

7.   States that the allegations in paragraph 7 of the Complaint are conclusions of law, not factual allegations to which a response is required. To the extent a response is deemed required, denies the allegations set forth in paragraph 7, except admits that the SEC brought this action pursuant to the cited statutes and seeking the relief described in the Complaint.

8.   Denies the allegations set forth in paragraph 8, except admits that this Court has jurisdiction over the action as against Mr. Melnyk.

9.   Denies the allegations set forth in paragraph 9, except admits that venue for the action as against Mr. Melnyk is proper in this Court.

10.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint.

11.  Denies the allegations in paragraph 11 of the Complaint to the extent that they relate to this defendant, except admits that this defendant made use of the means and instrumentalities of interstate commerce, or of the mails, or of a facility of a national securities exchange, in connection with certain matters alleged in the Complaint and denies knowledge or

information sufficient to form a belief as to such allegations to the extent they relate to other defendants.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Admits the allegations in paragraph 13 of the Complaint, except avers that Mr. Melnyk is 49 years old as of the date hereof and that Mr. Melnyk retired as a director and chairman of Biovail effective June 30, 2007.

14. With respect to paragraph 14 of the Complaint, admits that Mr. Crombie was Biovail's senior vice president and chief financial officer from May 2000 through August 2004 and its Senior Vice-President, Strategic Development, following August 2004; and otherwise denies knowledge or information sufficient to support a belief as to the truth or falsity of the allegations in paragraph 14.

15. With respect to paragraph 15 of the Complaint, admits that Mr. Miszuk was in 2003 a vice president, controller, and assistant corporate secretary of Biovail; and otherwise denies knowledge or information sufficient to support a belief as to the truth or falsity of the allegations in paragraph 15.

16. With respect to paragraph 16 of the Complaint, admits that Mr. Howling was Biovail's chief financial officer from 1997 to 2000, its vice president of finance from 2000 to 2003, its vice president, finance and corporate affairs from 2003 to 2006, and its senior vice president and chief financial officer beginning in 2006; and otherwise denies knowledge or information sufficient to support a belief as to the truth or falsity of the allegations in paragraph 16.

17. Denies the allegations in paragraph 17 of the Complaint, except admits that, on September 30, 2003, two trucks carrying a Biovail product, Wellbutrin XL, left Biovail's

Steinbach, Manitoba plant bound for the North Carolina facility of Smithkline Beecham Corporation ("GSK"), and admits that, on October 1, 2003, while en route to North Carolina, one of the trucks was involved in a multi-vehicle traffic accident near Chicago, Illinois.

18. Denies the allegations of paragraph 18 of the Complaint, and avers that the term "value" as used in paragraph 18 is unduly vague and indefinite.

19. Denies the allegations of paragraph 19 of the Complaint, except admits that Biovail issued press releases on October 3 and October 8, 2003 relating to the truck accident, admits that Messrs. Melnyk, Crombie and Howling participated in a Biovail conference call on October 3, 2003, and respectfully refers the Court to the October 3 and 8, 2003 press releases and the transcript of the October 3, 2003 conference call for their contents. To the extent that this paragraph is intended to reference other statements, it is too vague and indefinite to permit an intelligible answer.

20. Denies the allegations in paragraph 20 of the Complaint except admits that, on further review and calculation of the complex pricing terms of Biovail's agreement with GSK (the "GSK Contract") in light of other information, including later learned facts, Biovail revised downward the $10 to $20 million estimate reflected in the October 3, 2002 press release.

21. States that the allegations in paragraph 21 of the Complaint are not factual allegations to which a response is required.

22. Denies the allegations in paragraph 22 of the Complaint, except admits that the GSK Contract contains delivery and other terms substantially similar to those paraphrased in paragraph 22; respectfully refers the Court to the GSK Contract for its contents; and states that the allegations in the second sentence of paragraph 22 of the Complaint are not factual allegations to which a response is required.

23. Denies the allegations in paragraph 23 of the Complaint, except admits that the GSK Contract contains a delivery term which provides "F.O.B., GSK's facilities in the U.S.A. (freight collect);" respectfully refers the Court to the GSK Contract for its contents; admits that, on September 30, 2003, two trucks carrying Wellbutrin XL left Biovail's Steinbach, Manitoba plant bound for the North Carolina facility of GSK; admits and avers that, while Mr. Melnyk initially reasonably understood that the delivery term in the GSK Contract was F.O.B. Biovail's Steinbach, Manitoba plant (and, therefore, product shipped before the end of the quarter would in ordinary course be includible in Biovail's third quarter results), he later learned that the term had been changed to "F.O.B., GSK's facilities in the U.S.A. (freight collect)" following his pre-signing review of, and comment on, a near-final draft of the GSK Contract; and admits that the September 30, 2003 Wellbutrin XL shipments left Biovail's Steinbach, Manitoba plant by truck too late to reach the North Carolina facility of GSK prior to the end of the third quarter.

24. Denies the allegations in paragraph 24 of the Complaint and affirmatively avers that Mr. Melnyk initially reasonably understood that the delivery term in the GSK Contract was F.O.B. Biovail's Steinbach, Manitoba plant (and, therefore, product shipped before the end of the quarter would in ordinary course be includible in Biovail's third quarter results).

25. States that the allegations in paragraph 25 of the Complaint are not factual allegations to which a response is required. To the extent a response is deemed required, denies the allegations in paragraph 25 of the Complaint; respectfully refers the Court to the GSK Contract for its contents; and affirmatively avers that GSK retained the right to reject non-conforming product (such as product rendered non-conforming as a result of the accident) and that revenue recognition for such non-conforming product would have been misleading under the circumstances, rendering the rhetorical conclusion set forth in paragraph 25 plainly erroneous.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Admits the allegations in paragraph 27 of the Complaint and respectfully refers the Court to the October 3, 2003 press release and Biovail's February 2003 guidance for their contents.

28. Denies the allegations in paragraph 28 of the Complaint, except admits that the October 3, 2003 press release stated, *inter alia*: "Contributing significantly to this unfavorable variance was the loss of revenue and income associated with a significant in-transit shipment loss of Wellbutrin XL as a result of a traffic accident," and respectfully refers the Court to the October 3, 2003 press release for its contents.

29. Denies the allegations in paragraph 29 of the Complaint, except admits that the October 3, 2003 press release states, *inter alia*: "Revenue associated with this shipment is in the range of $10 to $20 million," and respectfully refers the Court to the October 3, 2003 press release for its contents.

30. Denies the allegations in paragraph 30 of the Complaint, except admits that the October 3, 2003 press release was issued by Biovail; admits that Mr. Howling's name appears on the October 3 press release as the "CONTACT;" admits that Mr. Crombie sent Mr. Melnyk an email dated October 2, 2003 attaching a document styled as, "Biovail announces a profit warning for Q3.doc," and respectfully refers the Court to that email and its attachment for their contents; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint concerning other defendants.

31. Denies the allegations in paragraph 31 of the Complaint, except admits that the October 3, 2003 press release was issued by Biovail; admits that Mr. Melnyk reviewed the October 3, 2003 press release and reasonably believed it to be accurate at the time it was issued;

and respectfully refers the Court to the October 3, 2003 press release and to Mr. Crombie's October 2, 2003 email and its attachment for their contents.

32.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint.

33.  Denies the allegations in paragraph 33 of the Complaint as they relate to this answering defendant.

34.  Denies the allegations in paragraph 34 of the Complaint, except admits that Messrs. Melnyk, Crombie and Howling participated in an October 3, 2003 conference call; admits that, on the October 3, 2003 conference call, Mr. Melnyk then believed and, according to the transcript, stated, *inter alia*: "This accident will have a negative financial impact on Biovail's third quarter revenues" and "It is a third quarter item;" respectfully refers the Court to the transcript of the October 3, 2003 conference call for its contents; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint concerning other defendants.

35.  Denies the allegations in paragraph 35 of the Complaint, except admits that, on the October 3, 2003 conference call, according to the transcript, Mr. Crombie stated, *inter alia*: "The unfortunate accident ... will have a material negative effect on Biovail's third quarter revenue and earnings" and a Biovail executive stated, *inter alia*: "Our contract with [the Distributor] has title change in Manitoba when it leaves our shipping dock;" respectfully refers the Court to the transcript of the October 3, 2003 conference call for its contents; avers that Mr. Melnyk then reasonably believed that the GSK Contract delivery term was "F.O.B. Biovail" and that revenues would in ordinary course be recognized when the product was shipped from Biovail's facility pursuant to the delivery terms of the GSK Contract, subject to GSK's right to

reject non-conforming product (such as product rendered non-conforming as a result of the accident); respectfully refers the Court to the GSK Contract for its contents; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint concerning other defendants.

36. Denies the allegations in paragraph 36 of the Complaint, except admits that, on the October 3, 2003 conference call, according to the transcript, Mr. Crombie referred to "the Wellbutrin revenue loss" as "$15 million to $20 million" and further stated, *inter alia*: "As a result of this accident, Biovail currently estimates that its total third quarter revenues from Wellbutrin XL will now be below $10 million" (statements which Mr. Melnyk reasonably understood to be accurate at the time); respectfully refers the Court to the transcript of the October 3, 2003 conference call for its contents; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Complaint concerning other defendants.

37. Denies the allegations in paragraph 37 of the Complaint, except admits that Mr. Howling attended the conference call on October 3, 2003 and helped prepare the script for it; respectfully refers the Court to the transcript of the conference call for its contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint concerning other defendants.

38. Denies the allegations in paragraph 38 of the Complaint, except admits that Banc of America Securities issued an equity research report for Biovail dated October 8, 2003 with a "Sell" rating and respectfully refers the Court to the October 8, 2003 Banc of America Securities equity research report for Biovail for its contents.

39. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint, except admits that Mr. Howling forwarded by email portions of the October 8, 2003 Banc of America Securities equity research report for Biovail to Mr. Melnyk on October 8, 2003; admits that Mr. Howling forwarded by email the entire report to Mr. Melnyk thereafter; and respectfully refers the Court to the October 8, 2003 Banc of America Securities equity research report for Biovail and to Mr. Howling's forwarding emails for their contents.

40. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint, except admits that, on October 8, 2003, Mr. Howling forwarded by email to Messrs. Melnyk and Crombie an earlier October 8, 2003 email from an employee at GSK to Mr. Howling, and respectfully refers the Court to the October 8, 2003 email from Mr. Howling to Messrs. Melnyk and Crombie for its contents.

42. Denies the allegations in paragraph 42 of the Complaint, except admits that Biovail issued a press release on October 8, 2003; avers that Mr. Melnyk may have dictated an initial version of the press release; admits that Mr. Howling's name appears on the October 8 press release as the "CONTACT;" respectfully refers the Court to the October 8, 2003 press release for its contents; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to other defendants.

43. Denies the allegations in paragraph 43 of the Complaint and respectfully refers the Court to the October 8, 2003 press release for its contents, except denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint concerning other defendants.

44. Denies the allegations in paragraph 44 of the Complaint and respectfully refers the Court to the October 8, 2003 press release for its contents, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint concerning other defendants.

45. Denies the allegations in paragraph 45 of the Complaint, except admits that Mr. Melnyk believed that certain inflammatory statements in the October 8, 2003 Banc of America Securities equity research report — including that in "photographs and video of the scene" of the accident, the truck carrying Biovail's shipment "looks empty" and "[n]o material is visible" in the truck's cargo bay — and related actions raised a significant credibility issue for Biovail that he considered important to address in the marketplace, and respectfully refers the Court to the October 8, 2003 Banc of America Securities equity research report for Biovail for its contents.

46. Denies the allegations in paragraph 46 of the Complaint, except admits that Mr. Melnyk participated in a road show on certain dates in October 2003 and that certain matters relating to the subject matter of Biovail's October 3, 2003 press release were discussed.

47. Denies the allegations in paragraph 47 of the Complaint, except admits that a Power Point presentation was prepared in connection with the road show and respectfully refers the Court to the presentation slides for their contents; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint concerning other defendants.

48.     Denies the allegations contained in paragraph 48 of the Complaint, except admits that Biovail issued an annual earnings release on March 3, 2004, and respectfully refers the Court to the March 3, 2004 earnings release for its contents.

49-138.     The allegations in paragraphs 49 through 138 are directed at other defendants (Biovail, Mr. Crombie, Mr. Miszuk and/or Mr. Howling), not Mr. Melnyk, and therefore require no response from this answering defendant.

139.    States that the allegations in the first sentence of paragraph 139 of the Complaint are not factual allegations to which a response is required, except admits that Mr. Melnyk is a holder of greater than 5% of Biovail's outstanding shares. Denies the remaining allegations in paragraph 139 of the Complaint, except admits that, on September 23, 1996, Mr. Melnyk settled four Cayman Island Trusts and such trusts were funded in accordance with the terms of the trust documents; avers that Biovail shares were transferred to the trusts in 1996 by a prior trust settled by Mr. Melnyk, and that such shares in the aggregate represented approximately 19% of the outstanding shares of Biovail at that time and that shares of Trimel Corporation (Biovail's predecessor) owned by Mr. Melnyk were transferred to the Evergreen Trust between 1991 and 1995; and respectfully refers the Court to the trust documents and to each of the Schedules 13D filed by Mr. Melnyk to date for their contents.

140.    Denies the allegations in paragraph 140 of the Complaint, except admits that each of the four trusts had a protector, pursuant to governing law; and avers that each trust was a separate legal entity administered by a separate, independent trustee; and further avers that, in 2003, each of the trusts owned less than 5% of the outstanding Biovail common shares.

141.    Denies the allegations of paragraph 141 of the Complaint, except admits that Arlene Fong, the controller of Biovail Laboratories in Barbados, became the protector of the

Archer Trust in 2002; admits Ms. Fong was paid by Mr. Melnyk for administrative work done for Mr. Melnyk, including administrative work related to the trusts; and admits that Ms. Fong and Mr. Melnyk from time to time had communications about the trusts and their assets.

142.   Denies the allegations in paragraph 142 of the Complaint and respectfully refers the Court to the trust documents for their contents.

143.   Denies the allegations in paragraph 143 of the Complaint.

144.   Denies the allegations in paragraph 144 of the Complaint, except admits that Mr. Melnyk borrowed from the trusts on several occasions, in accordance with applicable law and the trust instruments, knowing, *inter alia*, that the trusts could fund loans with cash, by borrowing on margin, by selling non-Biovail assets in their holdings, or by selling Biovail stock holdings, and admits that certain loans remain outstanding.

145.   Denies the allegations in paragraph 145 of the Complaint, except that Mr. Melnyk was aware in 2003 of certain trust trading in Biovail shares.

146.   Admits the allegations in paragraph 146 of the Complaint, except denies that Mr. Melnyk has or had a beneficial interest in the shares, including the Biovail shares, held by the trusts, and avers that Mr. Melnyk has filed more than twenty-three amended Schedules 13-D as of the date hereof, including — as the SEC knows but conspicuously omits — Amendment No. 24, which disclosed the Biovail shares held by the trust entities that succeeded the trusts; and respectfully refers the Court to Melnyk's Schedules 13D and all amendments thereof for their contents.

147.   The allegations contained in paragraph 147 of the Complaint are directed at Biovail, not Mr. Melnyk, and therefore require no response from this answering defendant.

### FIRST CLAIM FOR RELIEF

148. States that the allegations set forth in paragraph 148 of the Complaint are not factual allegations to which a response is required, and repeats and incorporates by this reference his responses to all preceding allegations of the Complaint as though fully set forth.

149-153. The allegations contained in paragraphs 149 to 153 are directed at Biovail and Mr. Crombie, not Mr. Melnyk, and therefore require no response from this answering defendant.

### SECOND CLAIM FOR RELIEF

154. In response to paragraph 154 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

155. Denies the allegations in paragraph 155 of the Complaint.

156. Denies the allegations in paragraph 156 of the Complaint.

157. Denies the allegations in paragraph 157 of the Complaint.

158. Denies the allegations in paragraph 158 of the Complaint.

### THIRD CLAIM FOR RELIEF

159. In response to paragraph 159 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

160-161. The allegations contained in paragraphs 160 and 161 are directed at Mr. Crombie and Mr. Miszuk, not Mr. Melnyk, and therefore require no response from this answering defendant.

### FOURTH CLAIM FOR RELIEF

162. In response to paragraph 162 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

163-164.   The allegations contained in paragraphs 163 and 164 are directed at Mr. Crombie and Mr. Miszuk, not Mr. Melnyk, and therefore require no response from this answering defendant.

## FIFTH CLAIM FOR RELIEF

165.   In response to paragraph 165 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

166-168.   The allegations contained in paragraphs 166 to 168 are directed at Mr. Crombie and Mr. Miszuk, not Mr. Melnyk, and therefore require no response from this answering defendant.

## SIXTH CLAIM FOR RELIEF

169.   In response to paragraph 169 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

170-171.   The allegations contained in paragraphs 170 and 171 are directed at Biovail, Mr. Crombie, and Mr. Miszuk, not Mr. Melnyk, and therefore require no response from this answering defendant.

## SEVENTH CLAIM FOR RELIEF

172.   In response to paragraph 172 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

173-174.   The allegations contained in paragraphs 173 and 174 are directed at Biovail, Mr. Crombie and Mr. Miszuk, not Mr. Melnyk, and therefore require no response from this answering defendant.

## EIGHTH CLAIM FOR RELIEF

175.   In response to paragraph 175 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

176-177.   The allegations contained in paragraphs 176 and 177 are directed at Mr. Crombie, not Mr. Melnyk, and therefore require no response from this answering defendant.

## NINTH CLAIM FOR RELIEF

178.   In response to paragraph 178 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

179.   Admits the allegations in paragraph 179 of the Complaint.

180.   States that the allegations set forth in paragraph 180 of the Complaint are not factual allegations to which a response is required.

181.   Denies the allegations in paragraph 181 of the Complaint, except admits that Mr. Melnyk was a beneficial owner of more than 5 percent of Biovail's shares at times referenced in the Complaint.

182.   Denies the allegations in paragraph 182 of the Complaint.

183.   Denies the allegations in paragraph 183 of the Complaint.

184.   Denies the allegations in paragraph 184 of the Complaint.

## TENTH CLAIM FOR RELIEF

185.   In response to paragraph 185 of the Complaint, repeats and realleges all of Mr. Melnyk's responses to all preceding allegations of the Complaint as though fully set forth.

186-187.   The allegations contained in paragraphs 186 and 187 are directed at Biovail, not Mr. Melnyk, and therefore require no response from this answering defendant.

188. To the extent that any allegation in the Complaint to which this defendant has not admitted, denied or denied knowledge or information sufficient to form a belief requires a response, the allegation is denied.

## FIRST AFFIRMATIVE DEFENSE

189. The Complaint fails, in whole or in part, to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

190. The Complaint is barred, in whole or in part, by the equitable doctrine of mootness.

## THIRD AFFIRMATIVE DEFENSE

191. The Complaint is barred, in whole or in part, by the doctrines of laches, equitable estoppel, collateral estoppel, and/or judicial estoppel.

## FOURTH AFFIRMATIVE DEFENSE

192. The Complaint is barred by the statute of limitations to the extent it seeks relief for alleged conduct with respect to which the applicable statute of limitations had run before the filing of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

193. The Complaint is barred to the extent it seeks relief for alleged extraterritorial conduct outside the regulatory jurisdiction of the SEC.

## SIXTH AFFIRMATIVE DEFENSE

194.    The Complaint is barred, in whole or in part, to the extent Mr. Melnyk reasonably relied on others in taking the actions alleged, including officers and accountants.

## SEVENTH AFFIRMATIVE DEFENSE

195.    Mr. Melnyk reserves the right to assert other affirmative defenses.

WHEREFORE, Defendant Eugene N. Melnyk demands that the Complaint against him be dismissed in its entirety with prejudice, including an award of attorneys' fees and costs incurred by him to the full extent permitted by law; and that the Court grant such other, further and different relief as it deems to be just and proper.

Dated:   June 13, 2008
         New York, New York

**GREGORY P. JOSEPH LAW OFFICES LLC**

By: _____
      Gregory P. Joseph (GJ-1210)

Mara Leventhal (ML-1218)
Samuel N. Fraidin (SF-1209)
Meredith M. Spencer (née McGrady) (MM-1221)
485 Lexington Avenue, 30th Floor
New York, New York 10017
Tel.:   (212) 407-1200
Fax:    (212) 407-1280
Emails:   gjoseph@josephnyc.com;
          mleventhal@josephnyc.com
          sfraidin@josephnyc.com
          mspencer@josephnyc.com

Lanny A. Breuer
Dennis B. Auerbach (*pro hac vice*)
Benjamin S. Haley (*pro hac vice*)
**COVINGTON & BURLING LLP**
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:    (202) 662-6000
Fax:    (202) 662-6291
Emails:   lbreuer@cov.com
          dauerbach@cov.com
          bhaley@cov.com

*Attorneys for Defendant Eugene N. Melnyk*

610343