

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,

                                    :    No. 08 CIV 02979 (LAK)(GWG)

                        Plaintiff,          :    ECF Case

                   v.                  :

BIOVAIL CORPORATION,              :    AUG 1 4 2008
EUGENE N. MELNYK,                :
BRIAN CROMBIE,                  :
JOHN MISZUK, and                :
KENNETH G. HOWLING            :
                                            :
                Defendants.        :

-------------------------------------------------------------------- x

## STIPULATION AND PROTECTIVE ORDER

       IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Securities and

Exchange Commission ("SEC") and Defendants Eugene N. Melnyk, Brian Crombie, John

Miszuk and Kenneth G. Howling, through their undersigned counsel, subject to the approval of

the Court, as follows:

       1.    **Discovery Material.** This Stipulation and Protective Order ("Protective Order")

shall govern the treatment of documents, including electronic documents and related software,

depositions, deposition exhibits, things, and information derived therefrom (collectively

"Discovery Material"), that are (1) produced or provided by a party or a non-party (a "Producing

Party") to this Action (as defined below) to a party receiving Discovery Material ("Receiving

Party") and (2) designated as "Confidential" in accordance with the terms and procedures set

forth herein. A Producing Party that is not a party to this Action may obtain the protections of

this Protective Order by delivering a signed copy of Exhibit A hereto to all parties to the Action

prior to the Producing Party's production of any Confidential Information (as defined below).

1

2.    **Confidential Information.**

a.      The Producing Party or any other party (the "Designating Party") may designate as "Confidential" any Discovery Material produced or disclosed in this Action (as defined below) that meets the requirements of Federal Rule of Civil Procedure 26(c) and contains sensitive proprietary, financial, research, development, commercial or personal information and/or trade secrets or other confidential information (the "Confidential Information").

b.      Confidential Information designated as "Confidential" in accordance with the terms and procedures set forth in this Protective Order shall be used by each Receiving Party only to prepare for and conduct the prosecution and defense of the above-captioned action, including any related action, third-party action or third-party proceeding relating thereto, any proceeding in this or any other jurisdiction in connection with third-party discovery therein, and any appeal, retrial or enforcement of any judgment or order relating thereto (collectively the "Action"); provided, however, that any Receiving Party shall be able to use any Discovery Materials in the pending litigation between the Defendants and the Ontario Securities Commission (captioned "In The Matter Of The Securities Act, R.S.O. 1990, c.S.5, as amended - and - In The Matter Of Biovail Corporation, Eugene N. Melnyk, Brian H. Crombie, John R. Miszuk And Kenneth G. Howling"), or any related proceedings, so long as the Receiving Party takes all reasonable steps to ensure that the Discovery Material is afforded confidentiality protections similar to those provided by this Stipulation and Protective Order.

c.      Discovery Material which a Designating Party wishes to designate as "Confidential" shall be so designated by marking it with the word "Confidential," as follows:

i.      With respect to multi-page Discovery Material that contains Confidential Information, the Designating Party shall stamp or

2

otherwise affix the legend "Confidential Information: Subject to
Protective Order" on or to each page of the document or each thing
to which the designation applies.

ii.  With respect to Discovery Material that contains Confidential
Information produced in electronic form, the same designation
shall be affixed to the medium on which the Confidential
Information is provided.

iii. With respect to deposition transcripts and exhibits thereto that
contain Confidential Information, the designation shall be made (1)
on the record at the deposition or (2) within thirty (30) days after
the transcript becomes available to those who have ordered a copy,
on written notice of the "Confidential" designation to all counsel of
record for all parties to the Action by: (i) marking the cover page
of the transcript with the legend "Contains Confidential
Information: Subject to Protective Order"; (ii) marking each page
that contains Confidential Information as "Confidential
Information: Subject to Protective Order"; and (iii) providing
copies of all such marked pages, at its own expense, to the other
parties. Until the expiration of the thirty (30) day period referred
to in clause (2) of the preceding sentence, the entire transcript and
its exhibits shall be treated as "Confidential" unless the Producing
Party states in writing or on the record of the deposition that it does
not wish to designate the transcript or any of its exhibits as
"Confidential."

3.  **Disclosure of and Access to Confidential Information**.  Confidential

Information may be disclosed or made available only to the following persons:

a.  each Receiving Party;

b.  all legal counsel for each Receiving Party, including any such counsel's
professional and non-professional personnel and any outside support
services used to assist in this Action;

c.  all experts and consultants retained to assist a Receiving Party in this

Action (including secretarial and clerical personnel assisting such persons)

and other persons who are employed, retained or sought to be retained or

otherwise used by or on behalf of the Receiving Party to advise or assist in

the preparation or presentation of that Receiving Party's case or defense in

3

this Action, provided that such experts, consultants and other persons (a)
have been shown a copy of this Stipulation and Order, (b) have been
advised that the information is Confidential Material; (c) have been
informed that an unauthorized disclosure of Confidential Material may
constitute a contempt of this Court; and (d) agree to be bound by the terms
of this Stipulation and Order;

d.  Independent contractors engaged in one or more aspects of organizing,
    copying, imaging, filing, coding, converting, storing or retrieving data,
    documents or other Discovery Material or designing programs for
    handling data to be used in the litigation of this Action, provided that such
    independent contractors (a) have been shown a copy of this Stipulation
    and Order, (b) have been advised that the information is Confidential
    Material; (c) have been informed that an unauthorized disclosure of
    Confidential Material may constitute a contempt of this Court; and (d)
    agree to be bound by the terms of this Stipulation and Order;

e.  all actual deposition or trial witnesses in this Action, including the counsel
    of such witness, to the extent the Confidential Information is reasonably
    believed or expected to relate to the witness's testimony;

f.  all potential deposition or trial witnesses in this Action, including the
    counsel of such potential witness, to the extent the Confidential
    Information is reasonably believed or expected to relate to the potential
    witness's testimony, provided that such potential deposition or trial
    witnesses and their counsel (a) have been shown a copy of this Stipulation
    and Order, (b) have been advised that the information is Confidential
    Material; (c) have been informed that an unauthorized disclosure of
    Confidential Material may constitute a contempt of this Court; and (d)
    agree to be bound by the terms of this Stipulation and Order;

g.  any person to whom the Designating Party consents in writing;

h.  the Court, including Court personnel;

i.  any interpreter, translator, court reporter, videographer or other such
    person who translates, transcribes or records deposition or trial testimony
    in this Action; and

j.  any other persons permitted by the Court, on such terms as the Court
    deems proper.

4

4.    **Trust Material**. Certain Discovery Material may contain information concerning the allegations at issue in the Ninth Claim for Relief in the Complaint in the Action, including information concerning trusts settled by Mr. Melnyk (the "Trusts") and Mr. Melnyk's personal finances ("Trust Material"). Because Mr. Melnyk is the sole defendant named in the Ninth Claim for Relief in the Complaint in the Action, and because no other claim in the Complaint concerns the Trusts, the parties agree that the Trust Material are relevant solely to the prosecution or defense of the Ninth Claim for Relief against Mr. Melnyk and are not relevant to or likely to lead to the discovery of admissible evidence concerning any claims asserted against any defendant other than Mr. Melnyk in the Action. In addition, certain Trust Material contains highly sensitive, personal and/or otherwise confidential information. For these reasons, the parties agree as follows:

a.    To the extent practicable, any Producing Party (including the SEC, Mr. Melnyk, or any other party or third-party) producing Trust Material shall designate the Trust Material as "Confidential";

b.    To the extent practicable, any Producing Party (including the SEC, Mr. Melnyk, or any other party or third-party) producing Trust Material shall not produce or otherwise provide Trust Material to any Receiving Party other than Mr. Melnyk and the SEC, notwithstanding the terms of paragraph 5(a) above.

c.    Counsel for Mr. Melnyk shall cooperate with Producing Parties to assist in the identification of Trust Material among Discovery Material to be produced, including by making a good faith effort to inform the SEC of Trust Material of which they are aware among materials gathered by the SEC in the course of its pre-Action investigation to be produced in this Action.

      d.     Any discovery request by the SEC or Mr. Melnyk seeking Trust Material from any Producing Party shall inform the Producing Party of this provision of the Protective Order and provide a copy of the same to the Producing Party.

      e.     Counsel for Mr. Melnyk shall cooperate with parties to the Action who do not receive Trust Materials by making such materials available upon request to counsel. If, as a result of such review or otherwise, any Party discovers that Trust Material provided by any Producing Party only to the Mr. Melnyk and the SEC pursuant to paragraph 6(b) above contain information, in whole or in part, that is relevant to any claim at issue in the Complaint other than the Ninth Claim for Relief, such Party shall notify all parties to the Action, and Mr. Melnyk shall promptly provide other parties to the Action, at his own expense, with copies of such Trust Material marked "Confidential."

      5.    **Notification and Challenge**.  Any party to this Action receiving any Discovery Material designated as "Confidential" (including Trust Material pursuant to paragraph 6 above) shall have the right at any time to challenge such designation by applying to the Court, on no less than five (5) business days notice, for an order to remove such designation. Before the making of any such application, the parties challenging and maintaining such designation shall make a reasonable good faith effort to resolve between themselves their disagreement concerning the Discovery Material in question. On any such application, the party maintaining the designation shall have the burden of proving that the Discovery Material satisfies the criteria for Confidential Information pursuant to paragraph 2 above. Pending the Court's determination of such application, the Discovery Material shall continue to be treated as Confidential Information.

      6.    **Lapse of Time**.  The lapse of time between the designation of Discovery Material as "Confidential" and the challenge to such designation shall not be deemed or argued to (1)

6

waive the Receiving Party's right to challenge the designation or (2) affect the determination of

whether the criteria for Confidential Information pursuant to paragraph 2 above. The failure to

designate or challenge a designation hereunder shall not be construed as or argued to reflect an

admission or concession regarding whether or not, as a matter of fact or law, particular

information contains Confidential Information.

      7.    **Use in Court.** Discovery Material (including Trust Material) designated as

"Confidential" may be offered into evidence at trial or used at any court hearing, in open court,

but the Designating Party may apply for an order that such material be received *in camera* or

under other conditions limiting its disclosure. Discovery Material (including Trust Material)

designated as "Confidential" that is marked as a trial exhibit or otherwise shown to a witness

during trial or at any court hearing shall have the "Confidential" designation deleted therefrom

before it is shown to the witness.

      8.    **No Admission or Waiver.** This Protective Order shall have no effect on the

admissibility or discoverability of any actual or requested Discovery Material (including Trust

Material).

      9.    **Inadvertent Production.**

      a.    All Discovery Material produced or disclosed in this Action shall be

treated as "Confidential" (irrespective of the absence of any designation by the Producing Party)

for a period of thirty (30) days from the date of production or disclosure.

      b.    If a Producing Party inadvertently produces Discovery Material (including

Trust Materials) containing Confidential Information without designation as "Confidential," it

may provide the other parties to the Action, at its own expense, with appropriately marked

replacement copies of such material within a reasonable time of discovering the inadvertent

disclosure. Under no circumstances shall a Receiving Party who disclosed such material after the period of thirty (30) days from the date of production or disclosure referenced sub-paragraph 12(a), but before receiving written notification of the error from the Producing Party, be deemed to have violated this Protective Order. It shall be the responsibility of the Producing Party, at its own expense, to retrieve such material and mitigate the impact of such disclosure, but the Receiving Party shall reasonably cooperate in such retrieval and mitigation.

c.      If the Designating Party is not the Producing Party and identifies Discovery Material containing Confidential Information without designation as "Confidential," the Designating Party may provide other parties to the Action, at its own expense, with appropriately marked replacement copies of such material within a reasonable time of discovering the disclosure. Under no circumstances shall a Receiving Party who disclosed such material after the period of thirty (30) days from the date of production or disclosure referenced sub-paragraph 12(a), but before receiving written notification of the designation from the Designating Party, be deemed to have violated this Protective Order. It shall be the responsibility of the Designating Party, at its own expense, to retrieve such material and mitigate the impact of such disclosure, but the Receiving Party shall reasonably cooperate in such retrieval and mitigation.

10.      **Prior or Public Knowledge**. Notwithstanding any other provision of the Protective Order, the restrictions set forth herein with respect to "Confidential Information" do not limit Plaintiff's use of any information or documents that were in its possession prior to the commencement of this Litigation pursuant to SEC Form 1662 and do not apply to: (a) information that at the time of the disclosure to the Receiving Party is in the public domain; (b) any information that after disclosure to a Receiving Party becomes part of the public domain as a

8

result of events not involving a violation of this Protective Order; (c) any information that a Receiving Party can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality; (d) any information that a Receiving Party can show was rightfully within its possession prior to the time of the disclosure; or (e) any information that a Receiving Party has a right to receive and/or rightfully receives independently of the discovery process in this Action, subject to any other contractual or other confidentiality obligations or restrictions that may apply to such information.

11.    **Survival**. Notwithstanding the termination of this Action, whether by judgment, settlement or otherwise, this Protective Order shall continue to be binding on the parties to the Action, on all Producing Parties, and on all persons to whom Confidential Information has otherwise been disclosed or made available. Within sixty (60) days after the final termination of this Action, including without limitation any appeals therefrom, the Receiving Party shall, at its option, and to the extent permitted by law, make a good faith effort to destroy or return to the Designating Party all Confidential Information, including all copies thereof (including summaries and excerpts), and, upon request, shall certify in writing to counsel for the Designating Party its compliance with the provisions of this paragraph. However, the parties' legal counsel may retain in their own files all pleadings, filings, transcripts, compilations, written discovery responses, notes, memoranda, and other materials received or generated in connection with this Action that contain Confidential Information , provided that such legal counsel, and employees and agents of such legal counsel, shall not disclose any Confidential Information contained in or referenced in such materials to any person except pursuant to court order or written consent of the Designating Party. All materials, if any, returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

9

12.   **Notice of Request**. If any person or entity in any proceeding other than this Action ("Requesting Party") serves on a Receiving Party or its expert (the "Subpoenaed Party") a legal demand (e.g. subpoena or document request) for Confidential Information shall immediately provide written and electronic (by means of email or facsimile) notice of any such subpoena or request to the Designating Party and shall notify the Requesting Party that such materials are covered by this Protective Order. If the Designating Party objects to the disclosure of the requested Confidential Information, the Designating Party shall provide the Subpoenaed Party with notice of its objection to disclosure within ten (10) days of receiving notice of such demand, but no less than two (2) business days prior to the date for compliance under the legal demand. (If the Designating Party has itself received less than two (2) business days' notice of such legal demand, then the Designating Party shall provide the Subpoenaed Party with notice of its objection to disclosure as promptly as possible prior to the time for the Subpoenaed Party's compliance with the legal demand.) If timely notice of objection is not received from the Designating Party, then the Subpoenaed Party shall be free to make the disclosure. If timely notice of objection is provided by the Designating Party, then the Designating Party shall have the burden of moving or responding to any appropriate demands for relief. In the event of timely objection by the Designating Party, the Subpoenaed Party shall not make any disclosure until directed to do so by the applicable court or other valid order. If the Subpoenaed Party is legally compelled to disclose Confidential Information to a Requesting Party, disclosure is limited to those materials it reasonably believes, on the advice of counsel for the Subpoenaed Party, it is legally required to disclose.

13.   **Application to Court**. Nothing herein shall limit or prejudice the right or ability of a party to this Action to seek a further agreement or court order providing additional or

different protection for Discovery Material (including Trust Material) requested or produced in

this Action, or otherwise modifying this Protective Order.

     14.    This Stipulation and Protective Order may be executed in counterparts.

Dated: August 12, 2008


By: _____

Mark K. Schonfeld
Andrew M. Calamari
Robert J. Keyes
Todd D. Brody
Celeste A. Chase
Catherine Smith
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281-1022
Tel: (212) 336-1120

*Attorneys for Plaintiff Securities and
Exchange Commission*


By: _____

Gregory P. Joseph
Mara Leventhal
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017
Tel: (212) 407-1200

Lanny A. Breuer
Dennis B. Auerbach (admitted *pro hac vice*)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-6000

*Attorneys for Defendant Eugene N. Melnyk*


By: _____

David M. Becker
Shawn J. Chen
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1801
Tel: (202) 974-1500

*Attorneys for Defendant Brian Crombie*


By: _____

Bruce Hiler (admitted *pro hac vice*)
Jodi Avergun
Cadwalader, Wickersham & Taft LLP
1201 F Street, NW
Washington, DC 20004
Tel: (202) 862-2200

*Attorneys for Defendant John Miszuk*


11

different protection for Discovery Material (including Trust Material) requested or produced in

this Action, or otherwise modifying this Protective Order.

        14.    This Stipulation and Protective Order may be executed in counterparts.

Dated:  August 12, 2008


By: _____

Mark K. Schonfeld
Andrew M. Calamari
Robert J. Keyes
Todd D. Brody
Celeste A. Chase
Catherine Smith
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281-1022
Tel:  (212) 336-1120

*Attorneys for Plaintiff Securities and
Exchange Commission*


By: _____

Gregory P. Joseph
Mara Leventhal
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017
Tel:  (212) 407-1200

Lanny A. Breuer
Dennis B. Auerbach (admitted *pro hac vice*)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-6000

*Attorneys for Defendant Eugene N. Melnyk*


By: *Shawn J. Chu/EH*

David M. Becker
Shawn J. Chen
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1801
Tel:  (202) 974-1500

*Attorneys for Defendant Brian Crombie*


By: _____

Bruce Hiler (admitted *pro hac vice*)
Jodi Avergun
Cadwalader, Wickersham & Taft LLP
1201 F Street, NW
Washington, DC 20004
Tel:  (202) 862-2200

*Attorneys for Defendant John Miszuk*

different protection for Discovery Material (including Trust Material) requested or produced in

this Action, or otherwise modifying this Protective Order.

      14.    This Stipulation and Protective Order may be executed in counterparts.

Dated:  August 12, 2008


By: _____

Mark K. Schonfeld
Andrew M. Calamari
Robert J. Keyes
Todd D. Brody
Celeste A. Chase
Catherine Smith
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281-1022
Tel:  (212) 336-1120

*Attorneys for Plaintiff Securities and
Exchange Commission*


By: _____

Gregory P. Joseph
Mara Leventhal
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017
Tel:  (212) 407-1200

Lanny A. Breuer
Dennis B. Auerbach (admitted *pro hac vice*)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-6000

*Attorneys for Defendant Eugene N. Melnyk*


By: _____

David M. Becker
Shawn J. Chen
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1801
Tel:  (202) 974-1500

*Attorneys for Defendant Brian Crombie*


By: _____

Bruce Hiler (admitted *pro hac vice*)
Jodi Avergun
Cadwalader, Wickersham & Taft LLP
1201 F Street, NW
Washington, DC 20004
Tel:  (202) 862-2200

*Attorneys for Defendant John Miszuk*

different protection for Discovery Material (including Trust Material) requested or produced in

this Action, or otherwise modifying this Protective Order.

      14.    This Stipulation and Protective Order may be executed in counterparts.

Dated: August 12, 2008


By: _____

Mark K. Schonfeld
Andrew M. Calamari
Robert J. Keyes
Todd D. Brody
Celeste A. Chase
Catherine Smith
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281-1022
Tel: (212) 336-1120

*Attorneys for Plaintiff Securities and Exchange Commission*


By: _____

Gregory P. Joseph
Mara Leventhal
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017
Tel: (212) 407-1200

Lanny A. Breuer
Dennis B. Auerbach (admitted *pro hac vice*)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-6000

*Attorneys for Defendant Eugene N. Melnyk*

By: _____


By: _____

David M. Becker
Shawn J. Chen
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1801
Tel: (202) 974-1500

*Attorneys for Defendant Brian Crombie*


Bruce Hiler (admitted *pro hac vice*)
Jodi Avergun
Cadwalader, Wickersham & Taft LLP
1201 F Street, NW
Washington, DC 20004
Tel: (202) 862-2200

*Attorneys for Defendant John Miszuk*

11

By: _Carmen J. Lawrence_

Carmen J. Lawrence
Michael B. de Leeuw
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
Tel: (212) 859-8000

*Attorneys for Defendant Kenneth G. Howling*

SO ORDERED:

_____
Honorable Lewis A. Kaplan
United States District Judge

Dated:_____

Notwithstanding anything to the contrary herein:

1.    Any papers filed under seal in this action shall be made part of the public record on or after _9/3/13_ unless the Court otherwise orders.

2.    Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: _9/3/08_

_Lewis A. Kaplan_
United States District Judge

12