UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

08 Civ. 2979 (LAK)

BIOVAIL CORPORATION, et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Defendants Miszuk and Crombie move *in limine* to exclude the expert testimony of Scott A. Taub on the ground that it supposedly does not satisfy the *Daubert* standards. The essence of their position is that Mr. Taub proposes to give expert testimony as to the proper accounting treatment of a transaction at issue in this case based upon assumed facts and/or documents and testimony provided to him by plaintiff without considering other documents and testimony. They argue that his opinion therefore has been rendered without a full consideration of all relevant evidence and that his methodology is fatally flawed.

      Defendants' argument is tendentious to say the least. An expert may testify on the basis of assumed facts or in response to hypothetical questions as long as there is or will be some basis in the record to permit the trier of fact to find that the assumptions or hypothesis are correct. This leaves it to the trier to determine whether the actual historical facts conform to the assumptions or hypotheses underlying the expert's opinion and, to whatever extent they do not, whether any variance is material. *See generally United States v. Morgan,* 554 F.2d 31, 33 (2d Cir. 1977). This time honored rule has not be altered by the Federal Rules of Evidence. *See, e.g., Certain Underwriters at Lloyds, London v. Sinkovich,* 232 F.3d 200, 203 (4th Cir. 2000).

      Accordingly, the motions [DI 171, 173] are denied in all respects.

      SO ORDERED.

Dated:      December 22, 2009

_____
Lewis A. Kaplan
United States District Judge